LOTTINGER, Judge.
This is a suit by Cleon Knighton, as petitioner, against The Fidelity & Casualty Co. of New York and John E. Barre, as defendants, for damages sustained as a result of an automobile accident. The petitioner alleges that John Barre was an uninsured motorist and as such petitioner joined his own insurance company, Fidelity, claiming benefits under the uninsured motorist provisions of his policy, for personal injuries he sustained in the said accident. Defendant, Barre, reconvened against petitioner for personal injuries. The Lower Court rendered judgment in favor of defendants and dismissed petitioner’s main demand and awarded judgment in favor of defendant, Barre, and against petitioner in the sum of $592.20, plus interest from judicial demand, on the reconven-tional demand. Petitioner and Fidelity have appealed.
This suit was originally consolidated for trial below with another suit entitled Roy Lee Knighton vs. The Fidelity & Casualty Co. of New York and others. However, no appeal has been taken from the consolidated suit.
The record discloses that on June 14, 1970, sometime between seven and eight-thirty o’clock p. m., John Barre was driving his vehicle in a southerly direction on U.S. Highway 51 near Manchac, Louisiana. At the same time, Cleon Knighton was driving his vehicle in a northerly direction along said highway and was following a slow moving automobile. Knighton attempted to swerve around and pass the slow moving automobile in the face of the oncoming Barre vehicle, causing Barre to turn to the right to attempt to avoid a collision. The Knighton vehicle continued to its left and the Barre and Knighton vehicles collided headon on the western shoulder of said highway.
Cleon Knighton brought suit against John E. Barre, alleging that defendant was an uninsured motorist, and as such joined his own insuror for benefits under the uninsured motorist provisions of his policy. John Barre filed a reconventional demand against Cleon Knighton and The Fidelity & Casualty Co. of New York for damages allegedly sustained in the same accident.
*674 At the site of the accident the road is level and straight. There is some dispute in the testimony as to the time of the accident, the evidence varying from a little bit after seven o’clock p.m. to as late as eight-thirty o’clock p.m. The time factor is important in this case because the evidence indicated that Cleon Knighton testified that he saw no lights on the Barre car when he attempted to make his passing maneuver. Other evidence indicates that the Barre car had its parking lights on. It is important, therefore, to decide whether the conditions were daylight, dusk, or dark.
The findings of the Lower Court, are as follows:
“Barre testified that he had his parking lights on; that it was evening time or dusk, but it wasn’t dark. Cleon Knigh-ton said it was dark.
Now we have an independent witness to the accident. The Court relies very heavily on the testimony of Mr. Wilson of Hammond, Louisiana, who was proceeding just directly behind Cleon Knighton’s vehicle and saw the whole accident. He testified that a white vehicle and a tan vehicle were involved. He said that Cleon Knighton was going north, and Barre was going south. He was behind Mr. Knighton about twenty to thirty feet and Knighton pulled out to pass and the Barre car was coming south with his parking lights on. He said that the car that Knighton was driving kept pulling to the left and Barre pulled to his right and they collided. He testified that he himself took to the right and just missed the collision himself and the car that had been in front of Knigh-ton just missed the accident, too. Apparently that particular car had been driving slowly. He testified that it was dusk and that he had his lights on. He didn’t know if the lead car had its lights on. He saw the Barre car approaching him with its parking lights on, but he couldn’t tell how far the car was from him. He wanted to pass the slow-moving vehicle also, but did not attempt to do so because he couldn’t make a judgment as to how far Barre was from him, because it only had its parking lights on. Wilson further testified that he put his headlights on when he entered the swampy area. He remembered Knighton cutting in or passing him and then with a rather sharp maneuver he cut out rather sharply. It was a jackrabbit-type maneuver. He felt that it was between 7:00 and 7:15 when the accident happened.
The Court adopts his testimony as its finding of the fact. The Court feels that the proximate cause of this accident was Cleon Knighton’s failure to keep a proper lookout. His problem is magnified because testimony indicated that he has poor sight in his left eye, so he should have been extra careful in attempting to overtake the car that he attempted to overtake at dusktime. And it was obvious to the Court that if Mr. Wilson could see the Barre car some twenty to thirty feet behind Knighton that Knighton should been able to see. This was the proximate cause of the accident.
The testimony is confusing and I don’t think the preponderance has been met one way or another as to just exactly what time it was at the time of this accident. I think it was incumbent upon the defendants in reconvention to show what time it was at the time of the accident in order for me to find Barre guilty of any independent negligence. He would have been guilty of statutory negligence if it were, in fact, after sunset. But as far as the Court is concerned it was right at dusk. He had his parking lights on, which he shouldn’t have done. Either keep your headlights on or no lights on. You’re not supposed to drive with parking lights on. But even if that were negligence I don’t think it was a proximate cause of the accident. Wilson saw the car, and if Wilson could see the car twenty or thirty feet behind Knighton, *675 then I don’t think there was any negligence that was actionable on the part of Barre.”
After reviewing the evidence in this case, we are inclined to agree with the Lower Court that the sole and proximate cause of the accident was the negligence of Knighton in attempting to pass the unknown car in the face of the oncoming Barre vehicle. The testimony of Mr. Wilson indicates that the driving tactics of Knighton when he passed the Wilson vehicle was not that of a prudent and careful driver, and the same condition existed when he attempted to pass the undisclosed vehicle. Upon seeing the Knighton vehicle entering his lane of traffic, there was no recourse for Barre other than to apply his brakes and attempt to turn to the right which he did. In spite of Barre’s evading tactics, the Knighton vehicle continued to its left and struck the Barre vehicle head-on.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Affirmed.